**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

| | |
|---|---|
| **ANTHONY VANZETTI THOMAS**, | |
| **Petitioner,** | |
| **v.** | **CIVIL ACTION NO.: 3:17-CV-111** |
| | **CRIMINAL ACTION NO.: 3:16-CR-10** |
| **UNITED STATES OF AMERICA,** | **(GROH)** |
| **Respondent.** | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On September 6, 2017, Anthony Vanzetti Thomas ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Civil Action No. 3:17-CV-111, ECF No. 1; Criminal Action No. 3:16-CR-10, ECF No. 137.[1]  Because Petitioner cannot meet the two-prong Strickland v. Washington test for ineffective assistance of counsel claims, the undersigned recommends that Petitioner's motion be denied and dismissed with prejudice.

---

[1]   From this point forward, all ECF Numbers refer to Petitioner's Criminal Action 3:16-CR-10, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Petitioner's Conviction, Sentence, and Appeal

On March 15, 2016, a grand jury indicted Petitioner and charged him with various controlled substance violations, including in Count 6, possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  ECF No. 1.  On January 20, 2017, Petitioner entered a guilty plea to Count 6 of the indictment.  ECF No. 105.  The maximum penalty Petitioner faced as a result of his plea was imprisonment for twenty years.  ECF No. 103.  As part of his plea agreement, the Government agreed to dismiss the five remaining counts of the indictment at final disposition.  Id. at 2, ¶ 3. The parties agreed "to litigate the total drug relevant conduct of the [Petitioner] with regard to the Indictment at sentencing."  Id. at 3, ¶ 8.  The Government argued that the total drug relevant conduct was at least 29.42 grams of cocaine base.  ECF Nos. 118 at 5 ¶ 12.  The Presentence Investigation Report ("PSIR") agreed with the Government's calculation of drug relevant conduct.  Id. at 10 ¶ 43.

On June 19, 2017, Petitioner was sentenced to 63 months of imprisonment.  ECF No. 119.  Petitioner did not appeal his conviction or sentence.

### B.  Federal Habeas Relief Under 28 U.S.C. § 2255 Motion

In his motion to vacate, set aside or correct sentence and supporting memorandum of law, Petitioner raises four grounds for relief.  ECF No. 137 at 5 – 10. First, Petitioner argues that his counsel was ineffective because he failed to file an appeal, after Petitioner directed the attorney to do so.  Id. at 5.  Second, he argues that his counsel was ineffective because he did not object to the introduction of drug

analysis reports which quantified the drugs tested, and which quantities were later used to increase Petitioner's sentence.  ECF Nos. 137 at 6, 137-1 at 1.  Petitioner's third and fourth claims are interrelated.  In his third claim, Petitioner argues that his counsel was ineffective for failing **to appeal** inconsistencies in testimony regarding law enforcement protocols for conducting controlled buys of narcotics.   ECF Nos. 137 at 8, 137-1 at 4. In his fourth claim, Petitioner asserts that his counsel was ineffective for failing **to object** to the Government's actions related to proper pre-buy protocols.  ECF No. 137 at 9 – 10, 137-1 at 5 – 6.    For relief, Petitioner requests this Court, "vacate, set aside or correct [his] sentence."  ECF No. 137 at 13.   Petitioner further requests that he be granted copies of transcripts from: (1) the January 9, 2017, evidentiary hearing[2]; and (2) his sentencing hearing.  ECF No. 137-1 at 5.


### III.    LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

---

[2]  The docket reflects that on January 9, 2017, on the advice of Petitioner's treating physician, the Court continued the Petitioner's jury trial which was scheduled to commence on January 10, 2017.  ECF No. 96.  The trial was rescheduled for January 24, 2017.  Id.

**B.      Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C.      Motions made Pursuant to 28 U.S.C. § 2255.**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack**.**   28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255.  Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings.   "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted).  Similarly, the Supreme Court has long held that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."   Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with

a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." <u>Reed v. Ross</u>, 468 U.S. 1, 13, (1984) (<u>Citing</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." <u>Id.</u> (Citing <u>Wainwright v. Sykes</u>, <u>supra</u>, at 91, and n. 14; <u>Henry v. Mississippi</u>, 379 U.S. 443, 451 (1965). To establish "actual prejudice," as contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1977) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, as contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)).

## IV.   ANALYSIS

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review Petitioner's motion and submit findings and recommendations to the District Court. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. <u>Haines v. Kerner</u>, <u>supra</u>. However, even under this less stringent standard, Petitioner's motion to vacate should be denied. Petitioner's motion

to vacate fails because he is unable to meet the requirements of 28 U.S.C. § 2255 which requires proof that: (1) his conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  As discussed more fully below, Petitioner clearly cannot demonstrate the first three of these requirements.  Upon more careful review, it is also clear that Petitioner cannot demonstrate that his sentence is otherwise subject to collateral attack based on Petitioner's alleged ineffective assistance of counsel.

Claims of ineffective assistance of counsel are governed by the two-part analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984), which requires that Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  As discussed more fully below, Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, but even if he had done so, Petitioner has further failed to demonstrate that the result of the proceeding would have been different as a result of such alleged error.

The Supreme Court in Strickland recognized that, "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should also "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 689, 690.  "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system.  Properly administered, they can

benefit all concerned." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977).  However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality."  <u>Id</u>.  "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005).  Thus, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Strickland</u>, 466 U.S. at 694.

### A.    Petitioner's sentence was not imposed in violation of the laws or Constitution of the United States.

Following his guilty plea to possession with intent to distribute cocaine base, Petitioner was sentenced to 63 months of imprisonment on June 19, 2017.  ECF No. 119.   The sentence imposed was approximately one quarter of the twenty year maximum sentence which could have been imposed under the plea agreement filed with the Court [ECF No. 103], and as authorized by the controlling statutes, 21 U.S.C. §§ 841(a)(1)[4] and 842(b)(1)(C).[5]

---

[4]  21 U.S.C. § 841(a)(1) provides in its entirety:

Except as otherwise authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . ."

[5]  21 U.S.C. § 841(b)(1)(C) provides in its entirety:

In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized

Petitioner's offense level was calculated as 22 in the Pre-Sentence Investigation Report, which listed a Base Offense Level of 24, with a 2-point downward departure for acceptance of responsibility.  ECF No. 118 at 11, ¶¶ 51 – 59.

According to the Pre-Sentence Investigation Report, Petitioner has at least four[6] prior convictions for controlled substance violations, all of which convictions were obtained while Petitioner was represented by counsel.  Id. at 13 – 21.  Based on those convictions, Petitioner's criminal history computation score was determined to be 8, for a criminal history category of IV.  Id. at 23, ¶¶ 87 – 88.  The guideline range, based on criminal history category IV and offense level of 22, was determined to be from 63 to 78 months.  Id. at 32, ¶ 126.  The probation officer did not identify any factors "that would warrant a departure from the applicable sentencing guideline range."  Id. at 33, ¶ 143.

---

in accordance with the provisions of Title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

[6]  These four controlled substance convictions were for: (1) possession with intent to distribute cocaine in the United States District Court for the E.D.Va., case number 87-00175-A, convicted by jury on October 30, 1987 [ECF No. 118 at 13]; (2) possession with intent to distribute crack cocaine in the United States District Court for the E.D.Va., case number 87-00175-A, convicted by jury on October 30, 1987 [Id.]; (3) possession with intent to distribute cocaine in the United States District Court for the N.D.W.Va., case number 88-0071-001, convicted on August 18, 1988 [Id. at 14]; and (4) distribution of Crack Cocaine in the United States District Court for the N.D.W.Va., case number 3:92-CR-121-001, convicted by jury on March 24, 1993 [Id. at 15].

**B.    The Court which imposed Petitioner's sentence properly exercised jurisdiction.**

Petitioner was charged in Count 6 of the indictment with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), which charged:

> On or about October 9, 2014, in Berkeley County, West Virginia, within the Northern District of West Virginia, defendant ANTHONY VANZETTI THOMAS, did unlawfully, knowingly, intentionally, and without authority possess with the intent to distribute, a quantity of a mixture and substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II narcotic controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

ECF No. 1.   That matter was properly before the District Court for the Northern District of West Virginia.   "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."   18 U.S.C. § 3231.   Petitioner is unable to demonstrate that the District Court which imposed his sentence was without jurisdiction to do so, and accordingly, in that regard his claim fails.

**C.    Petitioner's Sentence Did Not Exceed the Maximum Authorized by Law**

The crime to which Petitioner entered his guilty plea was a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).   The penalty in Section 841(b)(1)(C) in its pertinent part provides that when an individual is convicted of a Schedule I or II controlled substance, "such a person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life." The sentence increases if a person "commits such a violation after a prior conviction for

a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment."   21 U.S.C. § 841(b)(1)(C).

Petitioner was sentenced to 63 months, or 5.25 years of imprisonment.  ECF No. 119.  In his plea agreement, Petitioner acknowledged that he understood, that the United States Sentencing Guidelines were advisory, and no longer mandatory, and that "the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified."  ECF No. 103 at 4.  The Guideline range for Petitioner was from 63 to 78 months, and Petitioner was sentenced at the bottom of that range.  In addition to being within the Guidelines, Petitioner's sentence did not exceed the maximum authorized by law,  Accordingly, he is not entitled to relief pursuant to his motion to vacate under 28 U.S.C. § 2255 on this ground.

### D.    Petitioner's Ineffective-Assistance-of-Counsel Claims are Without Merit Because He Cannot Satisfy the Two-Prong <u>Strickland</u> Standard

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective.  Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. But, "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense assistance after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689. In addition, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. <u>Id.</u> at 689-90.   There are no absolute rules for determining what performance is reasonable. <u>See</u> <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that counsel's deficient performance caused him prejudice. <u>Strickland</u>, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993) (quoting <u>Strickland</u>, 466 U.S. at 687 (1984)). Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. <u>Strickland</u>, 466 U.S. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. <u>Fields v. Att'y Gen. of Md.</u>, 956 F.2d 1290, 1297 (4th Cir. 1992).

### 1.    Claim that Counsel Failed to File an Appeal

Here, Petitioner claims that his counsel was constitutionally ineffective by failing to file an appeal.  ECF No. 137 at 5.  In his motion to vacate, Petitioner claims his counsel refused to file an appeal because there were no issues with merit.  ECF No. 137-1 at 1.  Yet, in his attachments to his motion, Petitioner includes a letter from his counsel about Petitioner's appellate rights.  ECF No. 137-5.  The letter is dated June 23, 2017, four days after plea entry, and advises in part:

> In deciding whether to appeal, you should keep in mind the following: (1) the District Judge is afforded wide discretion in imposing sentence; and (2) the sentence the District Judge imposed is within the range of incarceration called for by the statute, and is at the low end of the guideline range.  It is my opinion that the court of appeals would likely consider you sentence "reasonable".  Therefore, there is no real expectation that an appeal will afford you any relief.
>
> If you wish to appeal your sentence, I would need to file a notice of appeal with the district court within fourteen days after the judgment order is entered.  I have enclosed the judgment order for your review.  If you decide that you wish to appeal your case you must contact me, <u>in writing</u>, ***no later than July 5, 2017.***

ECF No. 137-5 at 1 – 2.  (Emphasis in original).

The Court held an evidentiary hearing on October 10, 2018, on the sole factual issue of whether Petitioner directed his counsel to file an appeal.  ECF No. 177 at 3.  Petitioner and counsel who represented him in plea negotiations, plea entry and at sentencing, both testified at the hearing.

Petitioner testified that following his sentencing hearing he, "stormed out of the courtroom after they told [him] that [he] had to report on the 24th of July," and that his lawyer followed him out of the courtroom.  ECF No. 177 at 6:10 – 14.  According to Petitioner, "As I was standing at the elevator, [my lawyer] asked me did I want to appeal this sentence.  I said yes." <u>Id.</u> at 6:14 – 15.  Petitioner confirmed that he received a letter from his lawyer dated June 23, 2017, which letter advised Petitioner that he had 14 days to file an appeal.  <u>Id.</u> at 6:22 – 7:7.  Petitioner further testified on that the final day of that 14 day period, he was incarcerated following a urinalysis test on that date, and that he had no further ability to reach his lawyer on that date.  <u>Id.</u> at 7:18 – 24.

Petitioner's prior counsel, Nicholas J. Compton ("Compton"), the supervising attorney for the Martinsburg federal public defender office, was Petitioner's counsel in the criminal proceeding and testified regarding his representation in that case. Id. at 19. Compton testified that to preserve attorney client confidentiality, that he did not engage in discussions with clients in public places about the substance of their cases. Id. at 20:17 – 24. Compton further testified that he had a habit of noting in his file when a client orally told him, either in person or by phone, that the client wished to appeal a court's decision. Id. at 21:4 – 9. Compton also testified that otherwise, his office would "get a written notice or something from [his clients] in writing and follow the same procedure." Id. at 9 – 10. Further, Compton testified that he reviewed Petitioner's file and found no note in the file indicating Petitioner's desire to appeal. Id. at 21:15 – 22.

Upon cross examination by Petitioner's counsel, Compton testified that he did not recall Petitioner saying that he wished to appeal if the sentence imposed was based on relevant conduct greater than 25 grams of cocaine base, or that Petitioner was upset after the sentencing. ECF No. 177 at 26:2 – 12. Further, Compton testified that he did not recall meeting with Petitioner following the sentencing hearing. Id. at 26:22 – 27:1. Compton also testified that he did not have any telephone conversations with Petitioner in the fourteen days following the sentencing hearing. Id. at 27:2 – 9. However, Compton testified that Petitioner sent letters to Compton in July, 2017, more than fourteen days after the sentencing hearing. Id. at 27:5 – 11. Compton testified that he sent a letter to Petitioner which advised Petitioner of Compton's opinion with regard to the merits of an appeal. Id. at 27:15 – 17. However, despite Petitioner's frequent visits to Compton's office prior to sentencing, Petitioner did not visit Compton's office

15

following the sentencing hearing.  Id. at 27:22 – 28:1.  Nor did Petitioner call Compton during that period, or respond to Compton's letter.  Id.

Petitioner's testimony was essentially that directly after sentencing, while standing waiting for the elevator outside the courtroom, he directed his counsel to appeal his sentence.  Counsel's testimony was that he does not engage in substantive discussions of cases in public places, such as the hallway near the courtroom elevator; that he has no independent recollection of Petitioner ever indicating his wish to appeal; and moreover, that Petitioner's file is completely devoid of any notation that Petitioner: (1) verbally expressed his wish to appeal; (2) called to express his wish to appeal; (3) wrote any letter which expressed his wish to appeal; or (4) visited counsel's office to express his wish to appeal.

Petitioner fails to show how his counsel's actions (or inaction) fall below the objective standard of reasonableness.  Although counsel did not file an appeal on Petitioner's behalf, counsel's testimony was that he was never directed to file such an appeal.  Counsel did clearly advise Petitioner in writing of his duty to alert counsel in writing if he wished to pursue an appeal.  ECF No. 177 at 27:15 – 28:1.  There is nothing to suggest that Petitioner advised his counsel in writing that he wished to pursue an appeal.  Id. at 21:15 – 22.  However, even if Petitioner had provided such information in writing, Petitioner cannot show that there is a reasonable probability that the outcome would have been different, or that he would have prevailed, had counsel filed an appeal.

Rather, in his letter dated June 23, 2017, counsel advised Petitioner that it was his opinion "that the court of appeals would likely consider your sentence 'reasonable'.

Therefore, there is no real expectation that an appeal will afford you any relief."  ECF No. 137-5 at 1 – 2.  Because Petitioner cannot satisfy both <u>Strickland</u> prongs, his claim that although he directed his counsel to file an appeal, counsel failed to do so, is without merit and should be denied.

### 2. Claim that Counsel Failed to Object to Certain Evidence in Pre-Trial Proceedings

Here, Petitioner claims that his counsel was constitutionally ineffective because he did not object to the introduction of drug analysis reports which quantified the drugs tested.  ECF No. 137 at 6 – 7, 137-1 at 4.  Petitioner asserts that the quantities listed in the drug analysis reports were later used by the Government to increase his sentence by a finding that he possessed more than 29.42 grams of cocaine base.  ECF Nos. 137 at 6 – 7, 137-1 at 4, 137-3.

Petitioner does not explain why counsel should have objected to these statements and why failing to do so was constitutionally unreasonable. Even if he did, Petitioner nevertheless fails to demonstrate prejudice as a result.  Petitioner's plea agreement contained a provision that "[t]he parties agree to litigate the total drug relevant conduct of the Defendant with regard to the Indictment at sentencing.  The United States intends to argue that the total drug relevant conduct of the Defendant with regard to the Indictment is at least 29.42 grams[7] of Cocaine Base."  ECF No. 103 at 3, ¶ 7.  Having reviewed the plea agreement, Petitioner's claims appear unfounded.  As part of his plea agreement, the Government agreed to dismiss five counts of distribution of crack cocaine with an aggregate value of $2,500.00.  <u>Id.</u> at 2, ¶ 3.  Petitioner presents no authority to support his contention that counsel could or should have objected to the

---

[7]  The Court notes that 29.42 grams is equivalent to 1.03 ounces.

Government arguing that Petitioner's total drug relevant conduct was 29.42 grams, considering that Petitioner agreed to exactly those terms.  Moreover, there is nothing to suggest that Petitioner would have ultimately prevailed had counsel objected.  Because Petitioner cannot satisfy either prong of the <u>Strickland</u> test, his claim is without merit.

### 3.    Claims that Counsel Failed to Object to or Appeal Pre-Buy Protocols and Testimony Regarding those Protocols

Petitioner claims that his counsel was constitutionally ineffective because he did not object to the testimony of government witnesses regarding pre-buy protocols for controlled purchases of narcotics, and that counsel was ineffective by failing to appeal the same issue.

Petitioner cannot meet either prong of the Strickland test.    He cannot demonstrate that his counsel's performance was deficient and fell below an objective standard of reasonableness in not objecting to the pre-buy protocols.  Petitioner was charged with five counts of distribution of a controlled substance in Counts 1 through 5, however, those counts were dismissed as part of the plea agreement.  The only count to which Petitioner entered a guilty plea was Count 6, which charged him with possession with intent to distribute a controlled substance.  Because the only count to which Petitioner pled guilty related to possession with intent to distribute, and not with actual distribution, any testimony regarding pre-buy protocols was irrelevant to Petitioner's conviction and sentence.

Moreover, even if counsel was deemed to be deficient, Petitioner cannot show that counsel's deficient performance caused him prejudice.   Even if counsel had objected to the testimony regarding pre-buy protocols or appealed the issue of pre-buy

protocols, because Petitioner was not convicted of distributing a controlled substance, Petitioner was not prejudiced by the alleged deficient performance of counsel.

Petitioner has made no showing that his counsel's performance fell below an objective standard of reasonableness in relation to his actions during plea negotiations and plea entry, sentencing or when counsel did not pursue an appeal.  Furthermore, even if counsel's actions were deemed to fall below an objective standard of reasonableness, Petitioner is unable to demonstrate that the result would have been different.  Accordingly, Petitioner's allegation of ineffective assistance of counsel is without merit.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:17-CV-111, ECF No. 1; Criminal Action No. 3:16-CR-10, ECF No. 137] be **DENIED** and **DISMISSED**.

This Court also **RECOMMENDS** that Petitioner's Motion to Expedite [3:16-CR-10 ECF No. 145] and the pleading styled "Petitioner Exercises Statutory Right to File First Amendment to his § 2255 as Matter of Course via Rule 15(d) of Federal Rules of Civil Procedure" [3:16-CR-10 ECF No. 149] be **DENIED.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated:        December 12, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE