# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANTHONY VANZETTI THOMAS**,

    Petitioner,

v.                                         **CRIMINAL ACTION NO.: 3:16-CR-10**
                                              **CIVIL ACTION NO.: 3:17-CV-111**
                                              **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 182][1] on December 12, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 137] be denied and dismissed with prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

---

[1] All CM/ECF references are to the criminal number, 3:16-cr-10, unless otherwise noted.

Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on December 17, 2018. ECF No. 183. The Petitioner filed his

objections on December 26, 2018. ECF No. 184. Accordingly, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

## II. Discussion

Magistrate Judge Trumble recommends that this action be dismissed with prejudice because the Petitioner cannot show that: (1) his conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack. In his objections, the Petitioner only challenges the fourth finding. Specifically, the Petitioner argues that his sentence is otherwise subject to collateral attack because his counsel, Nicholas J. Compton, was constitutionally ineffective.

Upon review of all the filings in this matter, the Court finds that the Petitioner has not presented any new material facts or arguments in his objections. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in the Petitioner's motion to vacate under 28 U.S.C. § 2255 [ECF No. 137], the Petitioner's motion to amend his § 2255 as a matter of course [ECF No. 149], and throughout the October 10, 2018 evidentiary hearing [ECF No. 177]. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge. Nevertheless, the Court will review the Petitioner's argument that his counsel was constitutionally ineffective below.

**A. Applicable Law**

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-factor test to determine whether counsel was constitutionally ineffective. First, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and the reviewing court must recognize that "counsel is strongly presumed to have rendered adequate assistance." Id. at 689-90.

Then, even if the court determines that counsel acted unreasonably, the judgment of the criminal proceeding will not be set aside unless counsel's performance was "prejudicial to the defense." Id. at 692. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**B. Analysis**

The Petitioner argues that his counsel, Nicholas J. Compton, was constitutionally ineffective because Mr. Compton: (1) failed to file an appeal on his behalf; and (2) failed to make various objections at sentencing. These issues will be addressed in turn.

**1. Failure to File an Appeal**

First, the Petitioner argues that Mr. Compton was ineffective under Strickland because he directed Mr. Compton to file an appeal, and Mr. Compton failed to do so. Yet, as addressed in the R&R, Mr. Compton sent the Petitioner a letter which advised him of

his right to appeal. The letter informed the Petitioner that he must contact Mr. Compton, in writing, before July 5, 2017, if he wished to appeal. It is uncontested that the Petitioner did not respond to the letter. Specifically, the Petitioner admits that he received the letter from Mr. Compton but did not respond to the letter prior to his incarceration. ECF No. 177 at 6:22 – 7:24. Furthermore, the Petitioner cannot show that there is a "reasonable probability" that the outcome would have been different had an appeal been filed. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). Accordingly, the Petitioner cannot satisfy either Strickland prong and his ineffective assistance of counsel claim fails.

### 2. Failure to Make Objections

Next, the Petitioner argues that his attorney failed to make certain objections during the pre-trial proceedings. Specifically, he argues that counsel failed to object to the quantities in the drug analysis report and testimony regarding pre-buy protocols. As discussed more fully in the R&R, the Petitioner does not show how this failure to object was unreasonable. Furthermore, even if the Petitioner could show that counsel should have objected, the Petitioner does not show that the outcome would have been different.

### III. Conclusion

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 182 in 3:16-CR-10, ECF No. 14 in 3:17-CV-111] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's Motion to Vacate [ECF No. 137 in 3:16-CR-10, ECF No. 1 in 3:17-CV-111] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's Motion to Expedite [ECF No. 145 in

3:16-CR-57-10] and the Petitioner's Motion to Amend [ECF No. 149 in 3:16-CR-10, ECF No. 7 in 3:17-CV-111] are **DENIED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: January 8, 2019

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE